UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01957-JLS-ADS                                  Date:  June 2, 2020
Title: Melissa Ann Morton, et al. v. United States of America, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                        Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY PROPER NOTICE OF RELATED CASES WAS NOT FILED**

  Before the Court is Defendant United States of America's Motion to Dismiss, currently set for hearing on June 12, 2020, at 10:30 a.m.  (Mot., Doc. 16.)  The United States moves to dismiss the case for lack of subject-matter jurisdiction, arguing that its concurrently filed disclaimer of interest in the property at issue deprives the Court of its purported jurisdiction under the Quiet Title Act, 28 U.S.C. § 2409a.  Upon review of the operative complaint and the briefing on the Motion, it appears that this case is not only related to, but indeed arises out of, a previous judgment in a case before the Honorable Philip S. Gutierrez.

  In the operative complaint, Plaintiffs allege that they are either beneficiaries or "beneficially interested parties" of a deed of trust on real property located at 8801 Riderwood Drive in Sunland, California.  (First Am. Compl. ("FAC"), Doc. 12 at 3–4 ¶¶ 3, 9; ¶¶ 35, 39–40.)  According to Plaintiffs, the United States' 2007 recording of a notice of lis pendens as to the property and a 2008 default judgment in the United States' favor in *United States of America v. Gunter M. Zielke et al.*, No. 2:07-cv-05767-PSG-AJW, "are clouding the title to the subject property."  (FAC at 3 ¶ 6, 6 ¶ 7; ¶¶ 31–32.)  In the FAC, Plaintiffs ask this Court to declare the 2007 lis pendens and 2008 default judgment "null and void ab initio."  (*Id.* ¶ 43 (italicization removed).)  The parties' papers therefore rely heavily on *United States v. Zielke* and that case's history.  Curiously, however, the parties failed to file a Notice of Related Cases or otherwise alert the Court of the close relationship between this case and *United States v. Zielke*, in violation of District Local Rule 83-1.3.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01957-JLS-ADS                                                                   Date:  June 2, 2020
Title: Melissa Ann Morton, et al. v. United States of America, et al.

> Local Rule 83-1.3.1 provides in relevant part:
>
> It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District:
> (a) arise from the same or a closely related transaction, happening, or event;
> (b) call for determination of the same or substantially related or similar questions of law and fact; or
> (c) for other reasons would entail substantial duplication of labor if heard by different judges.

C.D. Cal. R. 83-1.3.1.  The Local Rule makes clear that if any of the factors are present, the filing of a Notice of Related Cases is *not* optional.  Indeed, "[t]he Notice *must be filed* at the time any case . . . appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another."  *Id.* (emphasis added).  Moreover, the Civil Cover Sheet filed in every case includes a "Related Cases" section which mirrors the language of Local Rule 83-1.3.1.  Under the section, plaintiffs are asked whether the case is related "to any civil or criminal case(s) previously filed **in this court**."  Here, Plaintiffs' counsel checked the "yes" box but listed only two cases and omitted *United States v. Zielke*, No. 2:07-cv-05767-PSG-AJW.  (Am. Civil Cover Sheet, Doc. 6 at 3.)  Plaintiffs' counsel's omission is particularly puzzling in light of Plaintiffs' Opposition to the pending Motion to Dismiss, in which Plaintiffs frame their arguments as to the 2008 default judgment as falling under Rule 60(b) of the Federal Rules of Civil Procedure (*see, e.g.*, Opp'n, Doc. 18 at 4).

Accordingly, the parties are ORDERED TO SHOW CAUSE by written declaration, no later than **5:00 p.m. on Monday, June 8, 2020**, as follows:
- As to Plaintiffs, why they failed to include *United States v. Zielke*, No. 2:07-cv-05767-PSG-AJW, in the Civil Cover Sheet, and
- As to the United States, why it failed to file a Notice of Related Cases as to *United States v. Zielke*, No. 2:07-cv-05767-PSG-AJW.

Failure to timely and adequately respond may result in the imposition of sanctions.

                                                                                    Initials of Preparer:  tg